UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ASPIRAS,<br><br>        Plaintiff,<br><br>   v.<br><br>ADAMS & ASSOCIATES, INC., a Nevada a corporation<br><br>        Defendant. | No. 2:16-cv-00958-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** |

This matter is before the Court pursuant to Plaintiff Rolando Aspiras's ("Plaintiff") Motion for Remand to State Court. (ECF No. 6.) Defendant Adams & Associates, Inc. ("Defendant") opposes. (ECF No. 12.) The Court has carefully considered the arguments raised by the parties' briefing. For the following reasons, Plaintiff's Motion for Remand to State Court (ECF No. 6) is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brings claims against Defendant, his former employer, alleging (i) age discrimination, (ii) race and national origin discrimination, (iii) wrongful termination, (iv) retaliation, (v) failure to prevent discrimination, and (vi) intentional infliction of emotional distress. (ECF No. 1 at 18–25.) Plaintiff filed this action with the Superior Court of the State of California for the County of Sacramento on February 19, 2016. (ECF No. 1 at 11.) On May 5, 2016, Defendant removed this action to the United States District Court for the Eastern District of

1

California, alleging diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (ECF No. 1 at 1–2.)  Plaintiff filed the instant motion asserting that Defendant has not met its burden in showing diversity, specifically that Defendant is a citizen of Nevada and not California.  (ECF No. 6 at 3–4.)  Plaintiff adds that Defendant's Notice of Removal is deficient because it was not timely filed within 30 days of service of process.  (ECF No. 6 at 5.)

## II.  LEGAL STANDARD

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Diversity is determined as of the time the complaint is filed and removal effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  Once jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity.  *Id*. at 1132.  Removal statutes are to be strictly construed against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–56 (5th Cir. 1995).

Diversity requires that the citizenship of each plaintiff be diverse from the citizenship of

2

each defendant (i.e., complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

**III.   ANALYSIS**

It is undisputed that Plaintiff is a citizen of California and the amount in controversy exceeds $75,000. (ECF Nos. 6 at 3; 12 at 3.) The Court is left to determine Defendant's citizenship to decide whether the parties are diverse and to decide whether removal was timely.

A.   <u>Defendant is a citizen of Nevada.</u>

Plaintiff contends that Defendant's Notice of Removal is insufficient because Defendant has not provided the required information to determine its corporate citizenship, such as: "(1) the number of employees it has in each state; (2) the percentage of its sales originating in each state; and (3) the percentages of its assets held in each state." (ECF No. 6 at 6–7.) Defendant asserts it is a citizen of Nevada and argues that Plaintiff has applied the wrong legal test for corporate citizenship. (ECF No. 12 at 2.) The Court agrees.

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). The Supreme Court has concluded that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's nerve center.'" *Id.* at 80–81.

Defendant's General Counsel and Vice President of Human Resources has provided a declaration in support of Defendant's opposition which provides detail of Defendant's operation. (ECF No. 13.) Defendant is a corporation organized and existing under the laws of the State of Nevada and has been since September 25, 1990. (ECF No. 13 ¶ 2.) Defendant holds annual stockholder and Board of Directors meetings, usually in the first quarter of the year. (ECF No. 13 ¶ 2.) These meetings take place at Defendant's corporate office in Reno, as does Defendant's twice-annual meetings for its Job Corps Center Directors during which Directors meet with

3

corporate staff for training, evaluation and strategic planning. (ECF No. 13 ¶ 2.) As for Defendant's high level officers, Defendant alleges as follows:

> All but one of Adams' top executives are based out of the Reno office, including President Roy Adams, Secretary and Vice President of Administration Leslie Adams, Treasurer and Executive Director Dan Norem, Vice President of Finance Magdalena Cleveland, Vice President of Information Technology Dino Cabal and [General Counsel and Vice President of Human Resources, Tiffinay Pagni]. The single exception, President of Operations Susan Larson, currently resides in Maryland but spends 30 percent of her time at the Reno office. Ms. Larson has purchased a home in Reno and will soon relocate there permanently.

(ECF No. 13 ¶ 4.) Defendant further alleges that although each of Defendant's Job Corps Centers has its own local administrative departments for day-to-day operations, "policy decisions for the entire company are made by the executives resident in the Reno corporate office. All job descriptions, personnel policies, employee terminations, benefits plans, retirement plans and insurance policies are reviewed and approved in the Reno corporate office." (ECF No. 13 ¶ 3.) Plaintiff has not disputed these facts in its motion nor filed a reply. (ECF No. 6.)

The Court finds that Defendant has shown facts sufficient to support removal, having shown that Defendant is incorporated in Nevada, has its principle place of business in Nevada, and is a citizen of Nevada, while Plaintiff is a citizen of California. *See Frontline Processing Corp. v. Barack Ferrazzano Kirschbaum Perlman & Nagelberg LLP*, 571 F. App'x 586, 587 (9th Cir. 2014) (finding the defendant's notice of removal alleged sufficient facts — which the plaintiff never challenged — to establish the requisite diversity jurisdiction because the plaintiff was a citizen of one state and the defendants were citizen of another)

        B.      <u>Defendant timely filed its Notice of Removal.</u>

Plaintiff also argues that Defendant filed its Notice of Removal after the 30-day deadline for removing a case to federal court. (ECF No. 6 at 5.) Plaintiff asserts that Defendant was served with the summons and complaint on April 4, 2016. (ECF No. 6-1 ¶ 5.) Defendant filed its Notice of Removal on May 5, 2016. (ECF No. 1.) Plaintiff argues that removal was 31 days after initial service, beyond the 30-day period permitted under 28 U.S.C. § 1446. (ECF No. 6 at 5.)

Defendant replies that it has never been properly served, so the 30-day period never ran,

1  and thus its Notice of Removal was timely.  (ECF Nos. 12 at 7–8; 13 ¶ 6.)  Defendant states that
2  on *April 5, 2016*, Plaintiff attempted to serve a security guard employed by a contractor which
3  provides guards for Defendant's facilities, and who was not authorized to accept service for
4  Defendant.  (ECF No. 13 ¶ 6.)  Defendant argues it answered the complaint out of an abundance
5  of caution but has not been properly served.  (ECF No. 12 at 8.)

6  Title 28 U.S.C. 1446(b), requires removal of a case within 30 days of formal service.  28
7  U.S.C. § 1446.  "[A] defendant is not obliged to engage in litigation unless notified of the action,
8  and brought under a court's authority, by formal process." *Destfino v. Reiswig*, 630 F.3d 952, 956
9  (9th Cir. 2011) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347
10 (1999), allowing a defendant to remove more than 30 days after he received a faxed courtesy
11 copy of the complaint, because the defendant removed within 30 days of being formally served
12 by certified mail).

13 Pursuant to California Code of Civil Procedure § 416.10, "[a] summons may be served on
14 a corporation by delivering a copy of the summons and the complaint…[t]o the president, chief
15 executive officer, or other head of the corporation, a vice president, a secretary or assistant
16 secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general
17 manager, or a person authorized by the corporation to receive service of process.  CAL. CIV.
18 PROC. CODE § 416.10.  A 'general manager' under the California statute includes "any agent of
19 the corporation of sufficient character and rank to make it reasonably certain that the defendant
20 will be apprised of the service made." *Gibble v. Car-Lene Research, Inc.,* 67 Cal. App. 4th 295
21 (1998) (quoting *Eclipse Fuel Engineering Co. v. Superior Court,* 148 Cal. App. 2d 736, 745-46
22 (1957)) (internal quotation marks omitted).

23 Plaintiff has not attached proof of service to his motion.  (ECF No. 6.)  Defendant's
24 General Counsel and Vice President of Human Resources has provided additional detail in her
25 declaration about the attempted service.  (ECF No. 13.)  The security guard whom Plaintiff
26 attempted to serve works at Defendant's Sacramento facility.  (ECF No. 13 ¶ 6.)  He is employed
27 by a contractor which provides security services to that facility and is not employed by
28 Defendant.  (ECF No. 13 ¶ 6.)  Therefore, the security guard was not authorized by Defendant to

receive service of process. (ECF No. 13 ¶ 6.) The Court finds that Defendant's removal was not untimely because service of process was not effectively served on the April 4, 2016, date as alleged by Plaintiff and because Plaintiff has failed to allege any further facts in support of his claim that removal was untimely.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has met its burden of showing that the parties are diverse within the meaning of 28 U.S.C. § 1332. As such, Plaintiff's Motion for Remand to State Court (ECF No. 6) is hereby DENIED.

IT IS SO ORDERED.

Dated: July 13, 2017

Troy L. Nunley
United States District Judge