UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ASPIRAS,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC., a Nevada corporation,<br><br>    Defendant. | No. 2:16-cv-00958-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 15.) Plaintiff Rolando Aspiras ("Plaintiff") opposes the motion. (ECF No. 17.) Defendant has filed a reply. (ECF No. 18.) For the reasons discussed below, the Court hereby GRANTS Defendant's motion for judgment on the pleadings (ECF No. 15).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges he was hired in 1999 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 15-1 ¶¶ 9–10.) Plaintiff states he generally worked the graveyard shift and describers his duties as helping students solve problems and maintaining clean and safe living conditions. (ECF No. 15-1 ¶ 11.) Plaintiff alleges he had no disciplinary history and worked "with support and praise from his

1

supervisors for many years." (ECF No. 15-1 ¶ 12.) Plaintiff states he is an "Asian American of Filipino descent," who is over 40 years old, and was "an active member of his labor union, the California Federation of Teachers Union ("CFT")." (ECF No. 15-1 ¶¶ 13, 31, 39.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 15-1 ¶ 14.) Plaintiff alleges Defendant announced "it would evaluate and interview [SJCC] employees to continue in their positions." (ECF No. 15-1 ¶ 15.) Plaintiff alleges he interviewed and Defendant rehired him as a Residential Advisor in March 2014. (ECF No. 15-1 ¶ 16.)

Plaintiff alleges Defendant "began to treat him differently than other employees." (ECF No. 15-1 ¶ 17.) Plaintiff alleges "his supervisor, Maria Espinoza ("Espinoza"), targeted him by checking on him more frequently than non-minority employees[.]" (ECF No. 15-1 ¶ 18.) Plaintiff states he believes she did so "in order to find reasons to fire him." (ECF No. 15-1 ¶ 18.) Plaintiff also alleges Espinoza "harassed him and attempted to incite him to act out by discussing religious views with him that she knew were contrary to his beliefs." (ECF No. 15-1 ¶ 19.)

Plaintiff alleges Defendant terminated his employment in July 2014, by letter, stating the termination was "due to sleeping on the job." (ECF No. 15-1 ¶ 20.) Plaintiff alleges he never slept on the job and believes Defendant "trumped up two minor incidents during which Plaintiff was ill or in pain to falsely accuse him of sleeping at work." (ECF No. 15-1 ¶ 21.) Plaintiff alleges Defendant did not give him any warnings before firing him. (ECF No. 15-1 ¶ 22.)

On February 19, 2016, Plaintiff filed a complaint in the Superior Court of Sacramento County. (ECF No. 15-1 at 4.) Defendant answered the complaint and then removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1 at 1; ECF No. 1 at 33–42.) Defendant moves for judgment on the pleadings for failure to state a claim. (ECF No. 15 at 7.)

Plaintiff alleges several claims for violation of the California Fair Employment and Housing Act ("FEHA") and common law: (1) age, race, and national origin discrimination in violation of California Government Code § 12940; (2) wrongful termination in violation of public policy; (3) retaliation in violation of California Government Code § 12940(h); (4) failure to prevent discrimination in violation of public policy; and (5) intentional infliction of emotional distress. (ECF No. 15-1 ¶¶ 29–82.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 n.4 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) ; Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Resources, Inc.,* 398 F. Supp.

2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Community College Dist.,* 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**III.  ANALYSIS**

Defendant argues Plaintiff fails to plead sufficient facts to support any of his claims. (ECF No. 15 at 9.) The Court will address each claim in turn.

   A. <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against him because of his age, race and national origin. (ECF No. 15-1 ¶¶ 31–32, 39–40.) Defendant argues Plaintiff makes only conclusory allegations and does not allege facts sufficient to show grounds for relief or to demonstrate Defendant based its decisions on Plaintiff's protected characteristics. (ECF No. 15 at 9–10.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 17 at 6.)

FEHA prohibits an employer from discriminating against an employee because of the employee's age, race, or national origin. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must allege: (i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, No. 116-CV-01705-DAD-SKO, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges he is "over the age of 40," an "Asian American of Filipino descent" and Defendant discriminated against him based on his age, race and national origin. (ECF No. 15-1

¶¶ 30–32, 39–40.) Plaintiff's allegations Defendant acted because of his age, race or national origin, are recitations of an element. *See Iqbal*, 556 U.S. at 678.

In his general factual allegations, Plaintiff also alleges Defendant checked on him "more frequently than non-minority employees." (ECF No 15-1 ¶ 18.) Plaintiff has not linked the term "non-minority employees" to his age, race or national origin. The Court is not able to infer those employees were outside Plaintiff's protected classes. *Cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding the plaintiff, an African American, stated a case for failure to promote based on race by showing that rather than filling the position by promoting any of the interviewees, the employer transferred a white manager into the position).

Plaintiff also alleges Defendant provided a reason for his termination, sleeping on the job that did not accurately reflect his performance because he never slept on the job. (ECF No. 15-1 ¶¶ 20–21.) Plaintiff states he believes Defendant "trumped up" two incidents to support the accusation, but does not allege any further facts. (ECF No. 15-1 ¶ 21.) Plaintiff supplies a conclusion, but does not provide sufficient facts to allow the Court to infer a discriminatory motive. *Achal*, 114 F. Supp. 3d at 804–05 (finding the plaintiff's pleading was sufficient to infer pretext where the plaintiff alleged the defendant claimed it fired him for causing his own disability, but the defendant did not conduct any independent investigation before termination).

Plaintiff further alleges his manager, Espinoza, "attempted to incite him to act out by discussing religious views with him that she knew were contrary to his beliefs." (ECF No. 15-1 ¶ 19.) Plaintiff does not link this allegation to his age, race or national origin. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or age being point of discussion).

Plaintiff does not allege facts sufficient to support a reasonable inference Defendant acted *because* of his age, race or national origin. Plaintiff has not met the fourth element of his discrimination claims for age, race and national origin, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claims for discrimination based on age, race and national origin.

5

B.  Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully terminated his employment in violation of public policy based on Plaintiff's age, race, national origin, and union affiliation. (ECF No. 15-1 ¶ 49.) Defendant argues Plaintiff's claim related to his union membership or activity is preempted and the remainder of his claim fails because Plaintiff's wrongful termination claim is based on deficient discrimination claims. (ECF No. 15 at 11–13.)

i.  *NLRA Preemption*

In cases which involve either an actual or an arguable violation of Sections 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158.

Plaintiff's claim for wrongful termination based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. NO. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). Plaintiff argues Defendant had multiple illegal reasons for terminating him, and *Garmon* preemption should not apply to his *entire* wrongful termination claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 17 at 9) (citing *Balog v. LRJV, Inc.*, 203 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on many illegal reasons, if some reason or reasons were unrelated to unfair labor practices).

Plaintiff's claim for wrongful termination based on age, race, or national origin, is not arguably related to violations of Sections 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling

6

and responsibility" NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for wrongful termination based on union membership or activity is preempted by NLRA, but Plaintiff's claim for wrongful termination based on Plaintiff's age, race or national origin is not preempted.

### ii. Pleading Adequacy of Plaintiff's Wrongful Termination Claim

Defendant argues, to the extent Plaintiff's wrongful termination claim is not preempted, it fails because it is premised on deficient discrimination claims. (ECF No. 15 at 12–13.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 17 at 6.)

"The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed above, Plaintiff does not state sufficient allegations to support claims for age, race or national origin discrimination, therefore Plaintiff's derivative claim for wrongful termination in violation of public policy based on age, race or national origin fails. *Alejandro v. ST Micro Elecs., Inc.*, 178 F. Supp. 3d 850, 866 (N.D. Cal. Apr. 8, 2016). Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's wrongful termination in violation of public policy claim.

### C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against him because he engaged in "such protected activities as being a dark-skinned Asian American of Filipino descent over the age of 40" and "was an active member of the CFT union." (ECF No. 15-1 ¶¶ 58–59.) Defendant argues Plaintiff fails to show causation between Plaintiff's termination and any protected activity, and any claim based on Defendant's union activity is preempted. (ECF No. 15 at 13.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 17 at 6.)

///

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff does not allege he engaged in any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Further, any claim for retaliation based on union membership or activities would be preempted by the NLRA and subject to the exclusive jurisdiction of NLRB. Plaintiff has not alleged facts sufficient to support the first element of his retaliation claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

### D. Failure to Prevent Discrimination in Violation of Public Policy[1]

Plaintiff alleges Defendant violated public policy by "terminating Plaintiff's employment on account of his protected characteristics, including his union affiliation[.]" (ECF No. 15-1 ¶ 71.) Defendant argues FEHA's Section 12940(k) does not give litigants a private cause of action for a stand-alone claim for failure to prevent discrimination. (ECF No. 15 at 13–15.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 15 at 14.) Plaintiff states the facts alleged are sufficient to support his causes of action. (ECF No. 17 at 6.)

As discussed above, Plaintiff's claims based on his union membership or activities are preempted and Plaintiff has not alleged facts sufficient to state a claim for discrimination based

---

[1] The Court notes Plaintiff has not specified that he brings his claim under FEHA § 12940(k), but he states Defendant was subject to FEHA and titles his claim failure to prevent discrimination in violation of public policy. (ECF No. 15-1 ¶¶ 65–66.)

on age, race or national origin. Plaintiff's derivative claim for failure to prevent discrimination, therefore, fails. *Ayala*, 2017 WL 2833401 at *8 (finding the plaintiff did not allege sufficient facts to support the existence of a discriminatory motive and so had not adequately pled her claims for discrimination and failure to prevent discrimination).

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to prevent discrimination in violation of public policy claim.

### E. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant knew of Plaintiff's protected characteristics, but terminated Plaintiff's employment "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so. (ECF No. 15-1 ¶¶ 78–79.) Defendant argues Plaintiff's claim fails because Plaintiff's allegations relate to personnel management activities, which cannot constitute "extreme and outrageous conduct," a required element of this claim. (ECF No. 15 at 15–16.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id*. Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

///

Plaintiff alleges Defendant terminated his employment despite Defendant's knowledge of Plaintiff's protected characteristics. (ECF No. 15-1 ¶ 79.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a firing decision — is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim.

### IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). The Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 15) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: October 3, 2017

_____
Troy L. Nunley
United States District Judge