UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ASPIRAS,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC., a<br>Nevada corporation,<br><br>        Defendant. | No. 2:16-cv-00958-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

      This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 25.) Plaintiff Rolando Aspiras ("Plaintiff") opposes the motion. (ECF No. 28.) Defendant has filed a reply. (ECF No. 30.) For the reasons discussed below, the Court hereby GRANTS Defendant's motion to dismiss, (ECF No. 25), with prejudice.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he was hired in 1999 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 24 ¶¶ 9–10.) Plaintiff states he generally worked the graveyard shift and describes his duties as helping students solve problems and maintaining clean and safe living conditions. (ECF No. 24 ¶ 11.) Plaintiff alleges he had no disciplinary history and worked "with support and praise from his supervisors for many years." (ECF No. 24 ¶ 12.) Plaintiff states he is an "Asian American of Filipino descent," who is over 40 years old, and was "an active member of his labor union, the California Federation of Teachers Union." (ECF No. 24 ¶¶ 13, 44, 52.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 24 ¶ 14.) Plaintiff alleges Defendant announced it would reorganize several job duties for some positions, reduce the number of Residential Advisor positions, create a Residential Coordinator position, and evaluate SJCC employees to continue in their positions. (ECF No. 24 ¶¶ 21, 23.) Plaintiff alleges Defendant hired him as a Residential Advisor in March 2014. (ECF No. 24 ¶ 24.)

Plaintiff alleges Defendant "began to treat him differently than other employees." (ECF No. 24 ¶ 25.) Plaintiff alleges "his supervisor, Maria Espinoza, targeted him by checking on him more frequently than non-minority employees in order to find reasons to fire him." (ECF No. 24 ¶ 26.) Plaintiff alleges she "harassed him and attempted to incite him to act out by discussing religious views with him that she knew were contrary to his beliefs." (ECF No. 24 ¶ 27.)

Plaintiff alleges Defendant terminated his employment in July 2014, by letter, stating the termination was "due to sleeping on the job." (ECF No. 24 ¶ 28.) Plaintiff alleges he never slept on the job and believes Defendant "trumped up two minor incidents during which Plaintiff was ill or in pain to falsely accuse him of sleeping at work." (ECF No. 24 ¶ 29.) Plaintiff alleges Defendant did not give him any warnings before firing him. (ECF No. 24 ¶ 30.)

The Court granted Defendant's motion for judgment on the pleadings and granted Plaintiff leave to amend. (ECF No. 23.) In his amended complaint, Plaintiff alleges five claims for violations of California's Fair Employment and Housing Act ("FEHA") and common law. (ECF No. 24.) Defendant moves to dismiss all claims for failure to state a claim. (ECF No. 25.)

2

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability

requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.** **ANALYSIS**

Defendant argues Plaintiff fails to plead sufficient facts. (ECF No. 25 at 5.)

    A.    <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against him because of his age, race, and national origin. (ECF No. 24 ¶¶ 44–45, 52–53.) To state a claim for discrimination under FEHA, a plaintiff must allege facts sufficient to show he suffered an adverse employment action and the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. July 14, 2015).

4

Plaintiff alleges he is "over the age of 40," an "Asian American of Filipino descent," and that Defendant discriminated against him by terminating his employment because of his age, race and national origin. (ECF No. 24 ¶¶ 44–45, 52–53.) Plaintiff's allegations Defendant acted because of his age, race or national origin, are recitations of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff alleges his supervisor checked on him "more frequently than non-minority employees." (ECF No 24 ¶ 26.) Plaintiff has not linked the term "non-minority employees" to his age, race or national origin. The Court is not able to infer those employees were outside Plaintiff's protected classes. *Cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding the African American plaintiff stated a claim for failure to promote by showing the employer transferred a white manager into the position rather than hiring any of the interviewees).

Plaintiff alleges "other employees who were in fact caught sleeping were not terminated," (ECF No. 24 ¶ 32), but does not allege those other employees were of different ages, races, or national origin than Plaintiff. Plaintiff alleges "employees who were younger and of other races were given more favorable treatment in the employment application process, receiving promotions to positions previously held by older, minority employees." (ECF No. 24 ¶ 34.) Plaintiff does not provide factual support for these conclusions, does not allege the employees were hired into the Residential Advisor position that Plaintiff held, and does not explain whether and how any differences in treatment among other employees relate to his claims.

Plaintiff alleges Defendant provided a reason for his termination, sleeping on the job, that was not accurate, and that Defendant "trumped up" two incidents to support the false reason. (ECF No. 24 ¶¶ 28–29.) Plaintiff states a conclusion, but does not provide sufficient facts to allow the Court to infer a discriminatory motive. *Achal*, 114 F. Supp. 3d at 804–05 (finding the plaintiff's pleading was sufficient to infer pretext where the plaintiff alleged the defendant claimed it fired him for causing his own disability, but the defendant did not conduct any independent investigation before termination).

Plaintiff further alleges his manager "attempted to incite him to act out by discussing religious views with him that she knew were contrary to his beliefs." (ECF No. 24 ¶ 27.) Plaintiff does not link this allegation to his age, race or national origin. *See Ravel v. Hewlett-*

*Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. Jan. 11, 2017) (finding plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or age being point of discussion).

Plaintiff does not allege facts sufficient to support a reasonable inference Defendant acted *because* of his age, race, or national origin. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claims for discrimination based on age, race, and national origin.

### B. Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully "terminated his position in violation of public policy on account of his age, race, national origin, and engaging in protected activities." (ECF No. 24 ¶ 62.) "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed above, Plaintiff does not state sufficient allegations to support claims for discrimination based on his age, race, or national origin, so Plaintiff's derivative claim for wrongful termination in violation of public policy based on age, race, or national origin fails. *Tumblin v. USA Waste of California, Inc.*, 2016 WL 3922044, at *8 (C.D. Cal. July 20, 2016) (holding a plaintiff who failed to state a claim for discrimination under FEHA, could not state a derivative claim of wrongful termination in violation of public policy).

Plaintiff also asserts a claim for wrongful termination based on Plaintiff "engaging in protected activities." (ECF No. 24 ¶ 62.) Plaintiff does not explain what "protected activities" he engaged in. In the general allegations, Plaintiff alleges that after he was terminated, he and his union representative opposed the termination decision, "raised the question of discriminatory practices," and "complained he felt that he was being targeted for differential treatment based on his age and race." (ECF No. 24 ¶¶ 31–35.) Assuming this activity is protected and is the activity Plaintiff refers to, Plaintiff has not cited authority to support a wrongful termination claim when termination took place prior to protected activity. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for wrongful termination in violation of public policy.

C. <u>Retaliation in Violation of California Government Code § 12940(h)</u>

Plaintiff alleges Defendant retaliated against Plaintiff by "terminating his employment on account of such protected activities as being a dark-skinned Asian American of Filipino descent over the age of 40." (ECF No. 24 ¶ 71.) To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE §12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

The "activities" Plaintiff labels as protected activities, "being a dark-skinned Asian American of Filipino descent over the age of 40," are not protected activities under FEHA. CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation.

D. <u>Failure to Prevent Discrimination in Violation of Public Policy</u>

Plaintiff alleges Defendant violated public policy by "terminating Plaintiff's employment on account of his protected characteristics." (ECF No. 24 ¶ 81.) FEHA's § 12940(k) does not give private litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding there cannot be a claim by a private litigant for failure to prevent discrimination without a valid claim for discrimination). As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race, or national origin, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to prevent discrimination.

///

///

### IV. LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has had two opportunities to allege facts sufficient to support his claims and has not done so. This Court provided detailed analysis in its order on Defendant's motion for judgment on the pleadings about the deficiencies of the original complaint as to each claim and granted leave to amend. (ECF No. 23.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No. 25), with prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 14, 2018

_____
Troy L. Nunley
United States District Judge